The State vs. Holman.

THE STATE VS. HOLMAN.

1. CRIMINAL LAW: *Obstructing highway.*
   Ch. 149, Gould's Dig., declaring it an indictable offense to obstruct a public road, has been repealed; but if the obstruction is of such a character as to be a common or public nuisance, it is indictable at common law.

2. INDICTMENT: *What it should charge.*
   The indictment must show such an obstruction as affects and annoys the entire community, otherwise it will be demurrable.

APPEAL from *Newton* Circuit Court.
*Hon. H. R. Withers,* Circuit Judge.
*S. P. Hughes,* Attorney General, for the State.

HARRISON, J. At the October term, 1873, of the circuit court of Newton county, the grand jury returned into court the indictment which follows :

" INDICTMENT — NEWTON CIRCUIT COURT — The State of Arkansas vs. William Holman. The grand jury of Newton county, in the name and by the authority of the state of Arkansas, accuse William Holman of a misdemeanor as follows, viz: The said William Holman, on the 1st day of Septem-

ber A. D. 1873, in the said county of Newton, did willfully and unlawfully, make and commit a public nuisance, by felling timber, and placing fence rails and other obstructions on and in the public road in road district No. 23, against the peace and dignity of the state of Arkansas.

"YANCY B. SHEPPARD, *Pros. Att'y.*"

The defendant demurred to the indictment on the ground that the facts alleged in it did not constitute a public offense ; which objection was sustained and he was discharged. The state appealed.

The act of March 23, 1873, having repealed chapter 149 of Gould's Digest, by section 17 of which it was declared an indictable offense to obstruct a public road by felling trees across the same or placing other obstructions therein, and the offender subjected to a fine not exceeding fifty dollars and a forfeiture of two dollars for every day he should suffer such obstruction to remain after being ordered by the overseer to remove it, we have now no statute making such obstruction an offense. But such obstruction may be of such a character as to be a common or public nuisance, and indictable at common law.

BLACKSTONE says : "Common nuisances are such inconvenient and troublesome offenses as annoy the whole community in general and not merely some particular person." And in Bacon's Abridgment, it is said : Every nuisance punishable by a public prosecution must be charged to be *ad commune nocumentum*, or to the general annoyance of all the king's subjects ; for if they are only injurious to particular persons they are left to be redressed by the private action of the parties aggrieved by them. Bac. Ab., Nuisance, B.

It is not every obstruction in a public road or highway that is an indictable nuisance. It must be such as affects and annoys the whole community ; as, for instance, it is not a nuis-

ance where materials are temporarily placed in the street to be used in erecting a building, if sufficient room is left for the passage of the public on the other side ; and the erection of a scaffolding to repair a house, the unloading of a cart or wagon, and the delivery of any large articles, as casks of liquor, if done with as little delay as possible, are lawful. *Davis v. Mayor,* 14 N. Y., 506 ; *Harrower v. Ritson,* 37 Barb., 301 ; *Griffith v. McCullum,* 46 Barb., 561 ; *Rex v. Cross,* 3 Camp., 225.

The owner of land through which a public road passes, has the undoubted right to use it in taking his timber from the land, and the felling it upon it with a view to its immediate removal is not a nuisance, unless the public generally are incommoded and injured by it.

The indictment does not allege any inconvenience or injury to the public from the acts complained of; the objection therefore that it did not charge the commission of any offense was well taken, and the demurrer ·properly sustained. The judgment-is affirmed.